UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN PAPENDORP ) | |
| ) | |
| VS ) | C.A. NO: _____ |
| ) | |
| BOSTON UNIVERSITY ) | |

MAGISTRATE JUDGE Cohen

## VERIFIED COMPLAINT

### STATEMENT OF THE CASE

The plaintiff in this case seeks to assert his rights under the Uniformed Services Employment and Re-Employment Rights Act (hereinafter, "USERRA") at 38 U.S.C., §4301, et seq. The plaintiff, a member of the United States Army Reserve was an employee of the defendant. He was activated into the active duty Army, in defense of our country, for Operation Noble Eagle, on or about February 21, 2003, and remained on active duty until on or about September 30, 2003, when he was discharged with an honorable discharge. When he returned from active duty he was fired from his employment by the defendant.

This action alleges that the plaintiff's rights to re-employment under USERRA were violated when he was fired by the defendant. He is seeking damages to include lost wages, liquidated damages, costs, attorney's fees, and other relief as may be granted by the Court.

### JURISDICTION

1. This Court has jurisdiction of this matter pursuant to (a) United States Code, Title 28, §1331, as the dispute arises under the laws of the United States and/or (b) United States Code, Title 38, §4323(b)(3) which specifically grants jurisdiction.

## PARTIES

2. The plaintiff is a natural person who resides at 347 Washington Street, Somerville, Middlesex County, Massachusetts, 02143.

3. The defendant is a non-profit educational corporation organized in the Commonwealth of Massachusetts with its main office at 1 Sherborne Street, Boston, Suffolk County, Massachusetts 02215.

## FACTS

4. At all times relevant to this complaint the plaintiff was, and is, a soldier in the United States Army Reserves.

5. The plaintiff was hired by the defendant on or about August 22, 1994.

6. On February 21, 2003, the plaintiff was assigned to and worked in the Office of the Chancellor.

7. On or about February 21, 2003, the plaintiff was activated into the active duty Army from his reserve status.

8. The plaintiff seasonably notified the defendant of his activation in accordance with 38 U.S.C., §4312(a)(1).

9. The defendant remained on active duty in the United States Army until on or about September 30, 2003, when he received an Honorable Discharge.

10. Although not discharged until September 30, 2003, the plaintiff was able to come home earlier, on or about September 10, 2003, due to accrued leave time which he was able to take just prior to his actual discharge.

11. While the defendant was on active duty at least one new employee was placed on the chancellor's staff.

12. On or about September 15, 2003, the defendant reported back to work with the defendant in accordance with 38 U.S.C., §4312(e)(1)(D).

13. On or about September 24, 2003, the plaintiff was fired from his employment.

14. The letter firing the plaintiff is attached hereto as exhibit A, and is hereby incorporated by reference into this complaint.

15. In Exhibit A the chancellor states he "will no longer retain the staff I have ... and ... in light of budgetary considerations" was going to reduce his staff.

16. The plaintiff was the only person from the chancellor's staff fired by the defendant.

17. All other employees in the chancellor's staff whose positions on the chancellor's staff were eliminated were given other positions by the defendant.

18. The employee(s) who was/were added to the chancellor's staff while the plaintiff was on active duty (reference paragraph 11 of this complaint) had their job positions on the chancellor's staff eliminated but new positions were given to them by the defendant.

19. The plaintiff sought other positions from the defendant but was told he would not be given any priority for them and would be treated as any other person applying for a job from the outside.

20. There were other jobs the plaintiff was qualified for which were not given or offered to him by the defendant.

21. The defendant violated the plaintiff's rights under 38 U.S.C. §4313 by (a) not honoring his right to re-employment after his release from active duty and/or (b) by not offering him a position he is qualified to perform of like seniority, status and pay to the position he held prior to his entry onto active duty.

22. The defendant's non-compliance with USERRA was willful.

offering him a position he is qualified to perform of like seniority, status and pay to the position he held prior to his entry onto active duty.

22. The defendant's non-compliance with USERRA was willful.

WHEREFORE; the plaintiff demands judgment against the defendant to include:

(a) Reinstatement to his prior position or a position of like seniority, status and pay to the position he held prior to his entry onto active duty,

(b) Payment of lost wages of $14,110.00 plus future lost wages that accrue plus benefits caused by the defendant's failure to comply with USERRA,

(c) Liquidated damages in the amount awarded pursuant to paragraph (b), immediately supra,

(d) Payment of his reasonable attorney's fees, expert witness fees, and other litigation expenses,

(e) Any other relief the court may deem is appropriate, in equity, to vindicate the plaintiff's rights and/or benefits under USERRA.

**THE PLAINTIFF DEMANDS TRIAL BY JURY IN THIS CASE**

Signed by the plaintiff, under pains and penalties of perjury, this 11th day of February, 11, 2004.

_____
John Papendorp

For the Plaintiff, by his attorney,

_____
Jerome L. Benson
203 West Main Street
Ayer, MA 01432
(978) 772-6677
B.B.O. #543488



Office of the Chancellor

Boston University
One Sherborn Street
Boston, Massachusetts 02215

September 24, 2003

Mr. John Papendorp
347 Washington Street
Somerville, Massachusetts 02143

Dear John:

As you know, the new President of Boston University takes over on November 1, 2003 and I will resign as Chancellor simultaneous with his assumption of duties. As a result, I will no longer retain the staff I have had in the past and I have decided, in light of budgetary constraints, to reduce my budget as much as possible.

I regret to inform you that your position will not be continued after October 31, 2003. And I give you notice now so that you may take steps to find alternative employment.

In addition to the customary one month's notice period, your length of service entitles you to pay continuation for two months beyond October 31, 2003, but in light of your prior service I am authorizing an additional month of pay continuation for you.

The Office of Personnel will follow up with information regarding your benefits, your final pay and outplacement services.

I have every confidence that within a period of four months you will have time to find alternative employment, and I will try to assist you in any way I can. I know you can also look to Sam McCracken as a reference in your search for new employment.

With best wishes,

Sincerely,

*John Silber*
John Silber

EXHIBIT A